# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARCUS E. LOLAR, )
)
       Plaintiff, )
)
v. ) Case No. 17-CV-139-JED-FHM
)
THE STATE OF OKLAHOMA; )
BURL ESTES, OIDS Attorney, )
)
       Defendants. )

## OPINION AND ORDER

On March 16, 2017, Plaintiff, a prisoner in custody of the Oklahoma Department of Corrections and appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 2). By Order filed March 22, 2017 (Doc. 3), the Court granted Plaintiff's motion to proceed *in forma pauperis* and required payment of an initial partial filing fee. On April 20, 2017, Plaintiff paid the initial partial filing fee. *See* Doc. 5. For the reasons discussed below, the complaint fails to state a claim upon which relief may be granted and is dismissed without prejudice.

**A.**    **Plaintiff's allegations**

In his complaint (Doc. 1), Plaintiff identifies two defendants: the State of Oklahoma; and Burl Estes, Public Defender. Plaintiff sets forth three causes of action, as follows:

    Count 1:    False arrest/false imprisonment.

> Burl Estes, Plaintiff's attorney, failed to acknowledge probable cause warrant dated 9/22/14 was not signed by a judge.[1] He continued to represent Plaintiff until trial, 1/22-23/14.
>
> Count 2: Neglect to prevent conspiracy; malicious denial of state or federal laws due to conspiracy.
> Failed to protect his client from Judge Gambill & ADA Mike Fisher, from Judge Tate & ADA Mike Fisher from violating Plaintiff's constitutional rights 4th & 14th Amendment, due process, malicious prosecution, false arrest/false imprisonment.
>
> Count 3: Negligence, I.I.E.D. Intentional infliction of emotional distress.
> 1) attorney/client, 2) failed to protect his client, 3) false imprisonment, 4) mental anguish, 5) pain & suffering, 6) loss of wages, 7) slander.

*Id.* at 2-3. In his request for relief, Plaintiff asks for "any and all applicable relief that shall be awarded under any and all state and federal laws that's deemed appropriate by a jury or $15,000,000." *Id.* at 3.

**B.     Screening/Dismissal standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must

---

[1] The Court notes that the date of the warrant, as provided by Plaintiff in his complaint (Doc. 1 at 2), appears to be inaccurate. Plaintiff is currently in custody serving sentences entered in Osage County District Court, Case No. CF-2012-360. *See* https://okoffender.doc.ok.gov/. In that case, Plaintiff was arraigned on September 26, 2012, and bound over after preliminary hearing held on January 14, 2013. *See* www.oscn.net. On January 23, 2014, a jury convicted Plaintiff of First Degree Robbery (Count 1) and Second Degree Burglary (Count 2). *Id.* On March 14, 2014, Plaintiff was sentenced to sixteen (16) years imprisonment on Count 1 and two (2) years imprisonment on Count 2, to be served concurrently. *Id.*

present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558. *Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to

round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**C.     Plaintiff's complaint fails to state a claim**

    **1.     Request for relief from conviction[s] is precluded in this § 1983 action**

To the extent Plaintiff seeks relief from allegedly wrongful convictions, entered in Osage County District Court, Case No. CF-2012-360, his § 1983 claims shall be dismissed without prejudice. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court determined that damages may not be recovered in a § 1983 action "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," *id.* at 486, unless the plaintiff first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id.* at 487; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ( "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

In this case, Plaintiff alleges that he was falsely arrested and imprisoned in state court proceedings and that defendants engaged in a conspiracy resulting in his arrest. Success on Plaintiff's § 1983 claims "would implicitly question the validity of [his] conviction[s]." *Muhammad v. Close*, 540 U.S. 749, 751 (2004). Because Plaintiff fails to allege that he has "achieve[d] favorable termination of his available state, or federal habeas, opportunities to challenge the

underlying conviction or sentence," Plaintiff's § 1983 complaint fails to state a claim and shall be dismissed without prejudice. *Id.*

To the extent that Plaintiff seeks immediate release from custody, Plaintiff's claims sound in habeas corpus as a challenge to his convictions and sentences rather than in a civil rights action pursuant to 42 U.S.C. § 1983. Accordingly, any such claim brought as part of a § 1983 complaint is subject to being dismissed without prejudice to refiling in a separate habeas action, if appropriate.[2] See *Preiser v. Rodriguez*, 411 U.S. 475, 476-77, 500 (1973) (holding that habeas corpus, rather than 42 U.S.C. § 1983, was the sole remedy in a prisoner's action for an injunction to compel restoration of credit); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("A prisoner may use § 1983 to challenge the conditions of his confinement, but habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement."); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions." (internal quotation marks and citation omitted)).

2. **Claims against the State of Oklahoma are barred by Eleventh Amendment Immunity**

Plaintiff names the State of Oklahoma as a defendant. *See* Doc. 1 at 1. The Eleventh Amendment bars suit in federal court against a state, absent a specific waiver of immunity by the

---

[2] A habeas corpus petition under 28 U.S.C. § 2254 may be brought only if Plaintiff is in custody pursuant to the challenged conviction. *See* 28 U.S.C. § 2254(a).

State or express abrogation of the State's immunity by Congress. *Frazier v. Simmons*, 254 F.3d 1247, 1253 (10th Cir. 2001). Here, the State of Oklahoma has not expressly waived its Eleventh Amendment immunity to suit and the Supreme Court has held that § 1983 does not abrogate state sovereign immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). Furthermore, the Eleventh Amendment applies regardless of the relief sought. *See Higganbotham v. Okla.*, 328 F.3d 638, 644 (10th Cir. 2003) ("The Eleventh Amendment expressly applies to suits seeking injunctive and declaratory relief."); *see also Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) ("Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages."). Therefore, any claim brought against the State of Oklahoma shall be dismissed without prejudice based on Eleventh Amendment immunity. *See Jones v. Courtney*, 466 F. App'x 696, 703 (10th Cir. 2012) (unpublished)[3] (remanding case to district court with instructions to deny prisoner's motion, seeking to hold Kansas Department of Corrections liable for judgment, without prejudice based on Eleventh Amendment immunity); *see also Schrader v. Richardson*, 461 F. App'x 657, 660 (10th Cir. 2012) (unpublished) ("[T]he district court . . . relied on Eleventh Amendment immunity to dismiss . . . without prejudice, in keeping with our precedent in *Korgich v. Regents of N.M. Sch. of Mines*, 582 F.2d 549, 550 (10th Cir. 1978).").

### 3. Public defender does not act under color of state law

Plaintiff identifies Defendant Estes as his public defender employed by the Oklahoma Indigent Defense System. *See* Doc. 1 at 1. To the extent Mr. Estes is sued in his capacity as

---

[3]Unpublished opinions cited herein are not precedential but are cited for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Plaintiff's current or former criminal defense counsel, the claim fails to state a claim upon which relief may be granted and shall be dismissed. Section 1983 provides as follows:

> Every person who, **under color of any statute, ordinance, regulation, custom, or usage, of any State** or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). The emphasized language establishes that to be liable under § 1983, the defendant must have acted under color of state law (i.e., he must have been a state actor). *See, e.g.*, *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 724-25 (1989); *Harris v. Champion*, 51 F.3d 901, 909 (10th Cir. 1995). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Further, "even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." *Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983).

Therefore, any action taken by Defendant Estes in his capacity as Plaintiff's defense counsel is not state action for purposes of 42 U.S.C. § 1983. As a result, any claim against Defendant Estes is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     "Prior occasion" under 28 U.S.C. § 1915(g)**

As noted above, Plaintiff has been granted leave to proceed in forma pauperis. In addition, his complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal shall count as a "prior occasion" under § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff remains obligated to pay in monthly installments the balance owed on the **$350** filing fee for this case.

2. The complaint (Doc. 1) fails to state a claim upon which relief may be granted and is **dismissed without prejudice**.

3. The Clerk is directed to **flag** this dismissal as a "prior occasion" for purposes of 28 U.S.C. § 1915(g).

4. A separate judgment shall be entered in this matter.

ORDERED THIS 28th day of April, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE